IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GARY MATERIAL SUPPLY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| WESTERN WORLD INSURANCE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff Gary Material Supply, LLC ("Gary Material Supply"), by counsel, hereby files this Complaint against Defendant Western World Insurance Group ("Western World"), and states as follows:

### I. **INTRODUCTION**

1. Many insurance policies distinguish coverage for construction-related claims based on the manner of ownership, *i.e.*, projects involving rental units versus projects involving individually owned units. The putative rationale for distinguishing coverage on this basis is self-evident. Rental projects typically have a single owner who intends the project to be nothing more than a revenue generating business. Renters often lack the standing, resources, and motivation to sue over construction defects. On the other hand, projects with multiple owners, all residing in their units, possess standing, joint ability, and motivation to sue over any perceived defect in their homes. Building contractors – and their insurers – know the risk of construction defect litigation is dramatically increased for projects involving individually owned units as compared to projects involving rental units.

2. Thus, Western World issued contractor Gary Material Supply a liability policy that covered claims arising from work on projects involving rental units but not claims arising from work on projects involving individually owned units. The implicated policy achieved this end by excluding "condominiums and townhomes" and defining "condominiums and townhomes" as buildings where "individual units are owned as separate interests." Nonetheless, facing a claim related to Gary Material Supply's work on a project involving rental units, Western World has refused to provide coverage by: (1) ignoring the policy definition of "condominiums and townhomes" and (2) replacing the policy definition with their own.

3. Western World's coverage response is puzzling, violates Indiana law, and amounts to bad faith.

## II.  PARTIES AND JURISDICTION

4. Gary Material Supply provides concrete crushing, recycling, demolition, excavation, and site development services. Gary Material Supply is a limited liability company with its principal place of business in Gary, Indiana.

5. Western World is an insurance company organized and existing under the laws of the State of New Hampshire with its principal place of business in the State of New Jersey.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure because a case of actual and immediate controversy exists between and among the parties regarding the scope and availability of insurance coverage under the Policy for the Underlying Claim.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy in this case exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.  FACTUAL BACKGROUND

#### A.  The Underlying Claim

9. In or prior to the spring of 2018, CORE Construction, Inc. ("CORE") was in the process of constructing a multi-unit development in Valparaiso, Indiana (the "Development").

10. Each of the units in the Development would be rented to low-income residents.

11. In or prior to the spring of 2018, CORE retained Gary Material Supply to perform work related to the construction of the Development.

12. According to CORE, on May 1, 2018, it discovered that Gary Material Supply was allegedly negligent during the course of its work, causing the concrete slabs and foundations to crack.

13. This cracking delayed the completion of the Development, as the slabs and foundations had to be repaired before any actual structures could be constructed.

14. CORE served a written demand on Gary Material Supply to recover the damages which CORE allegedly incurred as result of this cracking and the resulting delay (the "Underlying Claim").

15. CORE alleges that Gary Material Supply caused approximately one hundred and fifty thousand dollars ($150,000) in losses and damages.

#### B.  The Policy and Western World's Denial of Coverage

16. Western World issued Gary Material Supply an insurance policy – Policy No. NPP8403705 – effective May 12, 2017 through May 12, 2018 (the "Policy").

17. A true and accurate copy of the Policy is attached hereto as ***Exhibit A*** and is incorporated by reference herein.

18. The Underlying Claim alleges circumstances, claims, wrongful acts, and/or damages that give rise to coverage under the Policy.

19. Accordingly, on or about July 3, 2018, Gary Material Supply requested coverage for the Underlying Claim under the Policy.

20. On July 30, 2018, Western World denied Gary Material Supply's request for coverage on illusory grounds (the "Initial Denial Letter").

21. The Initial Denial Letter simply recited policy language and failed to provide a reasonable explanation, based on facts or applicable law, for denying coverage under the Policy. As such, Gary Material Supply requested clarification regarding the same.

22. Over the course of the next several months, Gary Material Supply and Western World engaged in discussions regarding Western World's coverage obligations under the Policy.

23. Ultimately, on October 9, 2018, Western World articulated its ultimate basis for its denial of coverage under the Policy (the "October Denial Letter"). A true and accurate copy of the October Denial Letter is attached hereto as ***Exhibit B*** and is incorporated by reference herein.

### C. Western World's Misreading of the Policy

24. As evidenced by the October Denial Letter, Western World denied coverage based upon a single exclusion in the Policy – the Condominium, Town Home, Row House or Track Home Construction Projects Exclusion (the "Condo Exclusion").

25. In relevant part, the Condo Exclusion states:

> This insurance does not apply to "bodily injury" or "property damage" arising from, or in any way related to: "New construction", whether in whole or in part, of a "condominium or town home project" …

(*See **Exhibit A*** at 23).

26. In turn, the Condo Exclusion **plainly and expressly defines** the term "condominium or town home project" to mean:

- 4 -

>Any residential project in which individual units are located within one or more buildings or structures, **the common area of which is owned in undivided interests, while the individual units are owned as separate interests**.

(*See **Exhibit A*** at 23) (emphasis added).

27. In other words, in relevant part, the Condo Exclusion precludes coverage where a project involves separately owned units. It does not, however, apply to projects involving rental units.

28. Thus, under the plain language of the Policy, the manner of ownership dictates whether or not the project is considered an excluded "condominium or town home project" for coverage purposes.

29. Because the Development involved *rental* units, the Condo Exclusion does not preclude coverage.

30. Nonetheless, according to Western World:

>The mainstream definition of a condominium or townhouse as well as the definition of "[sic] condominium or town home project" in the Western World Policy's Endorsement does not exclude a condo or townhouse because of the manner in which it is owned. The subject units, which are rented to tenants, are still by definition townhouses.

(*See **Exhibit B*** at 1) (emphasis added).

31. Western World has ignored the plain language of the Policy. Its statement that the Policy "does not exclude a condo or townhouse because of the manner in which it is owned" is simply wrong. Quite to the contrary, as outlined above, the manner of ownership absolutely dictates whether or not the project is considered an excluded "condominium or town home project" for coverage purposes.

## COUNT I – BREACH OF CONTRACT

32. Gary Material Supply hereby incorporates and realleges the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. The Policy is applicable to the claims asserted in the Underlying Claim, all conditions precedent to coverage have been satisfied or waived, and no terms or exclusions in the Policy unambiguously exclude coverage.

34. Thus, under the Policy, Western World is obligated to defend and indemnify Gary Material Supply in connection with the Underlying Claim.

35. Nonetheless, Western World has denied any such obligation.

36. By doing so, Western World has repudiated the Policy and is in breach of its contractual obligations to Gary Material Supply.

37. As a result of Western World's breach of its contractual obligations, Gary Material Supply has been (and continues to be) damaged and is entitled to direct, consequential, and incidental damages.

## COUNT II – DECLARATORY RELIEF

38. Gary Material Supply hereby incorporates and realleges the allegations alleged in paragraphs 1 through 37 as if fully set forth herein.

39. The Policy is applicable to the claims asserted in the Underlying Claim, all conditions precedent to coverage have been satisfied or waived, and no terms or exclusions in the Policy unambiguously exclude coverage.

40. Thus, under the Policy, Western World is obligated to defend and indemnify Gary Material Supply in connection with the Underlying Claim.

41. Nonetheless, Western World has denied any such obligation.

42. Western World and Gary Material Supply disagree about their respective rights and obligations under the Policy, and a justiciable controversy exists between them.

43. Gary Material Supply seeks a declaration from this Court stating that the Policy requires Western World to defend and indemnify Gary Material Supply in connection to the Underlying Claim.

## **COUNT III – BAD FAITH**

44. Gary Material Supply hereby incorporates and realleges the allegations alleged in paragraphs 1 through 43 as if fully set forth herein.

45. Through its claims handling and wrongful denial, Western World has misrepresented policy provisions, relevant facts, and applicable law and, thus, has breached its duties of good faith and fair dealing.

46. Among other things, Western World has repeatedly ignored the plain language of the Policy, read new and unwritten "exclusions" into the Policy, and wrongly denied coverage to Gary Material Supply.

47. Western World has also stubbornly refused to address critical facts presented by Gary Material Supply (and CORE) in requesting reconsideration of Western World's denial of coverage.

48. Western World has acted with ill will and/or in bad faith and without justification.

49. As a result of Western World's breach of its duties of good faith and fair dealing, Gary Material Supply has incurred direct, consequential, and incidental damages.

50. As a result of Western World's breach of its duties of good faith and fair dealing, Gary Material Supply has been (and continues to be) damaged and is entitled to both compensatory and punitive damages.

WHEREFORE, Gary Material Supply, by counsel, prays for: (1) a declaratory judgment that Western World is obligated to provide coverage to it, including both defense and indemnity, with respect to the Underlying Claim; (2) a judgment in its favor and against Western World in an amount that will fully compensate it for its damages and losses, including consequential and incidental damages and prejudgment interest; (3) an award of punitive damages; (4) an award of costs, attorney fees, and litigation expenses in this action, with interest; and (5) all other just and proper relief.

Respectfully submitted,

/s/ Nicholas B. Reuhs
Nicholas B. Reuhs, Attorney No. 31181-49
Samuel B. Gardner, Attorney No. 32825-29

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2160
Nicholas.Reuhs@icemiller.com
Samuel.Gardner@icemiller.com

Attorneys for Plaintiff
Gary Material Supply, LLC

## **REQUEST FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Gary Material Supply, LLC respectfully requests that all issues herein properly triable by jury be so tried.

/s/ Nicholas B. Reuhs
Nicholas B. Reuhs, Attorney No. 31181-49
Samuel B. Gardner, Attorney No. 32825-29